Argued and submitted November 20, 1986, reversed January 28, 1987

In the Matter of the Compensation of
Richard L. Manley, Claimant.

## ESCO CORPORATION et al
*Petitioners,*

*v.*

## MANLEY,
*Respondent.*

(WCB 83-11309; CA A37730)

731 P2d 1061

Allan M. Muir, Portland, argued the cause for petitioners. With him on the brief were William H. Replogle and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Nelson R. Hall and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this workers' compensation case, employer seeks reversal of the Board's finding that the condition for which claimant underwent surgery in 1983 was related to a compensable back injury.

Claimant suffered a compensable herniation of his back in 1980, when he fell into a box at work. Dr. Borman performed surgery which he described as a left side lumbar diskectomy at L4-L5 in 1981, which employer agreed was necessitated by the fall. Claimant returned to work, but in March, 1982, he experienced sharp pain in his back after engaging in nonwork-related activities. Borman performed surgery which he described as a right side lumbar diskectomy at L4-L5 in 1982, which employer also agreed was compensable. Claimant had considerable relief from the surgery and appeared to be fully recovered when, in January, 1983, he experienced pain after driving his truck. Borman ultimately performed a third surgery, which he described postoperatively as a lumbosacral diskectomy at L5-S1. Employer denied claimant's request for a reopening and in November, 1983, formally denied a claim for compensation for the surgery.

At employer's request, Dr. Howell reviewed claimant's medical records. In his opinion, the condition for which claimant underwent the third surgery was unrelated to the 1980 injury. He explained that the 1983 surgery was performed in an area entirely different from the first two surgeries and that the objective abnormalities which substantiated the 1983 diagnosis were not present following the 1980 injury. Although Borman never disputed that the surgery was at a different level from the first two, he did "dispute Howell's conclusion." Because he did not explain that statement, we assume, as the Board did, that Borman disputes Howell's conclusion regarding the causal relationship of the 1983 surgery to the 1980 injury. Dr. Rosenbaum also examined claimant and reviewed his medical records. In his deposition of August, 1984, he testified that, in his opinion, the 1983 surgery was not related to the injury or to the two previous surgeries.

The Board reviewed the notes of the doctors who analyzed the x-ray and myelograms and concluded that the third surgery was conducted at the same level as the first two.

We have reviewed those reports and conclude that, although they create some uncertainty as to the exact location of claimant's back problem, they do not persuade us, in the face of the statements of the operating surgeon, that the three surgeries were at the same level. Borman reported before the hearing:

"In retrospect, this patient underwent three surgical procedures. An L4-L5 diskectomy for alleviation of left lower extremity pain January 5, 1981, and an L4-L5 diskectomy on April 8, 1982, for alleviation of right lower extremity pain and more recently a lumbosacral diskectomy on July 6, 1983 to relieve recurrent right lower extremity pain."

Unfortunately, the most that can be gleaned from his opinion concerning the relationship between the 1980 injury and the 1983 surgery is that Borman disputes Howell's conclusion that there was no relationship between the injury and the third surgery. Borman's reports lack an affirmative statement concerning his own opinion of the relationship between the surgeries and the injury and, more importantly, do not explain the basis for his disagreement with Howell. On *de novo* review we conclude that the 1983 surgery was performed at L5-S1, and we are persuaded by the better reasoned opinions of Howell and Rosenbaum that the need for the third surgery was not caused by the 1980 work incident. We conclude that claimant has not met his burden of proving by a preponderance of the evidence that the 1983 surgery was compensably related to the 1980 fall.

Reversed.